IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSEPH D. BOLEK, IV,

        Plaintiff,

vs.

ANDREW M. SAUL, Commissioner of Social Security;

        Defendant.

8:19CV328

MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's motion for attorney fees under Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Filing No. 18. The plaintiff is the prevailing party under the EAJA. 28 U.S.C. § 2412(d)(1)(A); Filing Nos. 16 and 17. The government has responded and has no objection to the motion for fees and costs. Filing No. 19.

I.    LAW

"The EAJA provides for the award of attorney's fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by that party in [the] civil action' in which it prevailed." *United States Sec. and Exch. Comm'n v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (citing 28 U.S.C. §2412(d)(1)(A)-(2)(B)). Courts called upon to interpret the EAJA should endeavor to interpret the fee statute in light of its purpose, which is to "'eliminate for the average person the financial disincentive to challenge

1

unreasonable governmental actions.'" *Astrue v. Ratliff*, 560 U.S. 586, 599 (2010) (Sotomayor, J., concurring) (quoting *Commissioner v. Jean*, 496 U.S. 154, 163 (1990)).

A prevailing Social Security claimant may recover fees under the EAJA if the Commissioner's position was not substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). "The burden of establishing 'that the position of the United States was substantially justified' . . . must be shouldered by the Government." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (quoting 28 U.S.C. § 2412(d)(1)(A)). To establish substantial justification, the Commissioner must show that the denial of benefits had "a clearly reasonable basis in law and fact." *Goad*, 398 F.3d at 1025.

A cost of living increase is specifically mentioned in the EAJA as a factor that justifies a fee greater than $125.00 per hour. 28 U.S.C.A. § 2412(d)(2)(A)(ii). Where "an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the amount specified in the EAJA], enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990); *see* 28 U.S.C. § 2412(d)(2)(A)(ii).

The plaintiff himself, and not his attorney, is the "prevailing party" contemplated by the EAJA. *See Ratliff*, 560 U.S. at 594. However, if the United States Treasury Department determines that Plaintiff owes no debt that is subject to offset, the government may accept the assignment of the EAJA fees and pay such fees directly to plaintiff's attorney. *Id.* at 597-98. Lower courts, including those in this district, have continued to order payment of awards directly to a plaintiff's attorney, subject to offset for pre-existing debt to the Federal Government, where a valid assignment of the award of attorney's fees from the plaintiff to plaintiff's counsel is in effect. *See Matthews-Sheets v.*

*Astrue*, 653 F.3d 560, 565 (7th Cir. 2011), overruled on other grounds by *Sprinkle v. Colvin*, 777 F.3d 421, 427-28 (7th Cir. 2015); *Shenk v. Berryhill*, No. 8:17CV279, 2-19 WL 2191792, at *3 (D. Neb. May 21, 2019). Mr. Bolek assigned his right to the EAJA fees and asks that they be paid directly to counsel. Filing No. 18 at ¶ 8.

## II.    DISCUSSION

In support of his motion, the plaintiff has presented evidence that his attorneys expended 17.2 hours on litigation, for a total requested fee of $3,554.46 in 2019 at an hourly rate of $250.25 and 14.20 hours of attorney time and worked performed in 2020 at an hourly rate of $206.95 for three hours of attorney time. Filing Nos. 18, 18-1, 18-2, and 18-3. In addition, the plaintiff contends that, according to the Consumer Price Index ("CPI") for this region as reported by the Bureau of Labor Statistics, there has been an increase in the cost of living from March 29, 1996—when the statutory attorney fee under the EAJA was set at $125.00 per hour—that would increase the fee to $205.25 per hour for the year of 2019, and $206.95 per hour for the year of 2020. Filing No. 18-1, Wes Kappelman Declaration, at 2-3; 18-3, U.S. Bureau of Labor Statistics.

The Court finds that the plaintiff has satisfied the prerequisites for an award of allowable fees under the EAJA and his motion should be granted. The Court has already determined that the plaintiff is a "prevailing party" within the meaning of the EAJA. The defendant has not shown that its position was "substantially justified," and there are no special circumstances that would make an award of fees unjust. Further, the Court finds counsel's dedication to the time and hourly rates are reasonable and finds this is a reasonable fee for work of this nature in this community. The plaintiff has also shown his net worth is less than $2,000,000. Filing No. 18, ¶ 6. The government has not opposed

the motion and there are no special circumstances in this case that would make an award under the EAJA unjust.

The Court finds that the award of attorney fees should be paid directly to Mr. Bolek, IV's legal counsel. Mr. Bolek assigned his right to receive the attorney's fees to his attorneys. Filing No. 18-4, Fee Agreement. *See* *Ratliff*, 560 U.S. at 597 (maintaining that an EAJA award must be paid to the prevailing party and not directly to the attorney if the prevailing party is indebted to the federal government or has not assigned his rights to receive the award to his attorney). A sum of $3,554.46 subject to any legitimate offset, shall be paid to the Kappelman Law Firm and payable to Mr. Kappelman.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The plaintiff's motion for attorney fees under the EAJA, Filing No. 18, is granted.

2. The plaintiff is awarded $3,554.46 in attorney's fees under the EAJA.

3. Attorney's fees in the amount of $3,554.46 under the EAJA, subject to offset to satisfy any pre-existing debt that the litigant may owe to the United States, shall be delivered to Kappelman Law Firm and payable to Mr. Kappelman. Mr. Kappelman will reimburse Mr. Cuddigan for his time in this motion so long as there is not a total EAJA offset pursuant to Astrue v. Ratliff.

4. A judgment in accordance with this Memorandum and Order shall issue this date.

Dated this 2nd day of October, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4