IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH D. BOLEK, IV,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security;<br><br>Defendant. | 8:19CV328<br><br>**ORDER** |

This matter is before the Court on Plaintiff's motion for attorney's fees under 42 U.S.C.A. § 406(b) and Defendant's motion to substitute parties. Filing No. 22 at 1; Filing No. 23 at 1. The Plaintiff requests attorney fees under § 406(b) amounting to $11,306.50, which is 25% of the back benefits awarded to the Plaintiff. Filing No. 22 at 3. The Defendant moves for substitution to reflect the appointment of the now Acting Commissioner Kilolo Kijakazi of the Social Security Administration. Filing No. 23 at 1.

I. FACTS

This is an action to recover attorney fees for representing a claimant alleging entitlement to Social Security benefits under § 406(b). Joseph Bolek, IV filed an application for disability benefits on May 24, 2015 and alleged that he began suffering from a disability on January 20, 2015. Filing No. 16 at 1. The Commissioner denied Bolek's application initially and on reconsideration. Id. Bolek exhausted his appeals and avenues for reconsideration with the administrative law judge (ALJ) and the Appeals Counsel, thus making the ALJ's decision the final decision of the Commissioner. Id. Bolek subsequently challenged the Commissioner's final decision in this Court. Id. at 2.

1

In June of 2020, this Court reversed the Commissioner's decision and remanded to the Social Security Administration (SSA) for an award of benefits. *Id.* at 23. The SSA sent Bolek a letter notifying him of his past due benefits, and explaining that $14,667.50, or 25% of his past-due benefits, were withheld from the total past-due benefits amount for attorney fees. Filing No. 22 at 1, Ex. 2 at 4. The SSA sent out a second notice regarding monthly child benefits which resulted from Bolek's award for his daughter. *Id.* at 2, Ex. 3 at 1. The SSA's second notice provided that Bolek would receive $7,917.00, and the SSA would set aside $2,639.00 as "money to pay your representatives." Filing No. 22-3 at 5. The total past-due benefits withheld equal $17,306.50. *Id.*

In support of his motion, Plaintiff showed that on or about July 19, 2019, Plaintiff entered into a fee agreement with counsel, Wes Kappelman and Sean Cuddigan. Filing No. 22-1 at 1–2. The fee agreement proscribed Cuddigan would accept a flat fee of $6,000 if the party pursued attorney fees under § 406(a). *Id.* Kappelman would then receive 25% of the past-due benefits minus Cuddigan's $6,000 portion under § 406(b). *Id.* Plaintiff also showed that counsel worked 17.2 hours on the matter before the Court. *Id.* at 2, Filing No. 22-4 at 1. This means Kappelman would collect $11,306.50 at an hourly rate of $657.35 per hour. Filing No. 22-1 at 2.

Before filing the motion for attorney's fees under § 404(b), Plaintiffs moved for attorney's fees under the Equal Access to Justice Act (EAJA). Filing No. 18 at 1. This Court granted the Plaintiff's motion for attorney fees under the EAJA to the amount of $3,554.46. Filing No. 20 at 4. Plaintiff's counsel relays that the EAJA attorney's fees were given to the Plaintiff in anticipation to the § 406(b) attorney's fees, because by law,

counsel must refund the client the lesser of the two amounts. Defendant Commissioner did not object to Plaintiff's motion for attorney's fees under § 406. Filing No. 23.

Defendant Commissioner provided notice as well that the Court should substitute Andrew M. Saul, the named party in this case, with Kilolo Kijakazi pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Filing No. 23 at 1. This substitution of parties is to represent Kijakazi becoming the Acting Commissioner of the SSA on July 9, 2021. *Id.*

II.   LAW

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C.A. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (internal quotations omitted). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C.A. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, twenty-five percent of past-due benefits, is *per se* unreasonable. *See id.*; 42 U.S.C.A. § 406(b)(1)(A); *see also Culbertson v. Berryhill*, 139 S.Ct. 517, 523 (2019) (holding that the twenty-five percent cap in § 406(b)(1)(A) (for representation before the agency) applies only to fees for court representation, and not to the aggregate fees awarded

under §§ 406(a) (for and (b)). If the contingency-fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. *Gisbrecht*, 535 U.S. at 807.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. *Id.* Although the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel. *Id.* at 807-08; *see Jones v. Berryhill*, 699 Fed.Appx. 587, 588 (8th Cir. 2017). A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. *Id.* at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. *Id.*; *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent,the benchmark twenty-five percent of awards fee would obviously be inappropriate"). Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

4

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. *Gisbrecht*, 535 U.S. at 796. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

III. MOTION FOR ATTORNEY'S FEES

This Court conducted an independent review of the fee arrangement and finds the fee requested under § 406(b) satisfies the statutory requirement of yielding a "reasonable" result in this case considering the character of the representation and results achieved. The requested fee is not unreasonable based on the parties' prior agreement, the time expended in the District Court, and the results obtained. Recovery of $11,306.50 does not represent a windfall to a successful claimant's attorney. The amount of benefits awarded are not inordinately large in comparison to the time counsel spent on the case either. While the hourly fee is higher than most fees in the legal community, the award is not totally out of line for the complex work done by an attorney with comparable experience. Accordingly, the Court will award $11,306.50 to the Plaintiff under 42 U.S.C. § 406(b)(1).

IV. MOTION FOR SUBSTITUTION

Defendant moves to substitute the named party, Andrew Saul, with the new acting Commissioner of the SSA, Kilolo Kijakazi under Rule 25(d) of the Federal Rules of Civil Procedure. Filing No. 23. Rule 25(d) provides an avenue for party substitution specifically for public officers that resign, die, or otherwise cease to hold office. Fed. R. Civ. P. 25(d).

"The court may order substitution at any time." *Id.* Since Saul is no longer the SSA Commissioner, and Kijakazi is the now Acting Commissioner, the Court grants the Defendant's motion for substitution.

IT IS ORDERED

1. Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b), Filing No. 22, is granted.

2. The plaintiff is awarded $11,306.50 under 42 U.S.C. § 406(b)(1).

3. Defendant's motion to substitute party, Filing No. 23, is granted under Federal Rules of Civil Procedure Rule 25(d).

4. A Judgment in accordance with this Memorandum and Order will issue this date.

Dated this 13th day of December, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge